UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| OAKLEY GRADING AND PIPELINE, ) | CHAPTER 11 |
| LLC, ) | |
| ) | CASE NO. 18-10743-WHD |

**EXPEDITED MOTION FOR ORDER AUTHORIZING AND APPROVING DEBTOR'S RETENTION AND EMPLOYMENT OF ACCOUNTANT, NUNC PRO TUNC TO PETITION DATE**

Pursuant to 11 U.S.C. §§ 105(a), 327, 330, and 331, Oakley Grading and Pipeline, LLC ("OGP") files this motion requesting authorization to retain and compensate Barlett & Barnett CPAS, P.C. ("Barlett & Barnett") post-petition in the ordinary course of business. This motion is supported by the *Declaration of Victor E. Hartman in Support of First Day Motions* filed of even date herewith and the *Declaration of Chris Barnett* (the "B&B Declaration") attached hereto as **Exhibit A**. OGP shows the Court the following in further support hereof:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334.

2. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL BACKGROUND**

4. OGP is a limited liability company organized in the State of Georgia in July 2014.

5. OGP was established as a member-managed LLC with three members: Joseph R. Oakley; Jamie Hughes; and Jonathan Hughes.

6. On May 8, 2017, Mr. Oakley filed suit against the other two OGP members (and a third defendant) in the Superior Court of Henry County (the "Henry County Case"). The Henry

1

County Case is styled *Joseph R. Oakley v. Jamie Hughes, Jonathan Hughes, and Amber Eubanks,* Civil Action File No. 2017-SU-CV-1393-BA.[1]

7. On May 10, 2017, Judge Brian J. Amero issued an *Order Granting Temporary Injunctive Relief and Appointing Receiver* in the Henry County Case.

8. On May 11, 2017, Judge Amero issued a *Supplemental Order Appointing Receiver* in the Henry County Case.

9. Pursuant to the two Orders entered May 10, 2017 and May 11, 2017 in the Henry County Case, The Hartman Firm, LLC (the "Receiver") was appointed as receiver of OGP.

10. Judge Amero subsequently entered an *Order Extending Receivership* in the Henry County Case, extending the OGP receivership indefinitely and expanding the Receiver's powers.

11. Pursuant to the powers conferred upon the Receiver in the Henry County Case, the Receiver commenced the above-captioned case on April 9, 2018 (the "Petition Date") with a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

12. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, OGP continues to operate its business and manage its affairs as a debtor-in-possession; provided that, the Receiver is now in the role of a custodian, as that term is defined in 11 U.S.C. § 101(11).

13. In light of the pre-petition receivership and pending disputes between the members of OGP, the Receiver is separately filing a motion for the Court to appoint a trustee for OGP under 11 U.S.C. § 1104(a).

**RELIEF REQUESTED**

---

[1] OGP was initially a second plaintiff in the Henry County Case. However, OGP was later dropped as a party, and the case caption was adjusted accordingly.

2

14. Pre-petition, OGP engaged Barlett & Barnett to provide routine accounting and tax services for OGP in the ordinary course of its business.

15. By this motion, OGP seeks authorization to retain Barlett & Barnett under 11 U.S.C. § 105(a) and 327, as of the Petition Date, and without the necessity of a separate, formal retention application approved by this Court, and (b) to pay Barlett & Barnett under 11 U.S.C. §§ 330 and 331 for post-petition services rendered and expenses incurred, subject to certain limits as set forth below, without the necessity of additional Court approval.

16. For those professionals that OGP seeks to employ in connection with the administration of its Chapter 11 case (the "Chapter 11 Professionals"), OGP intends to file individual retention applications with this Court. The Chapter 11 Professionals will be permitted to be compensated in the case only in accordance with applicable provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, the United States Trustee Fee Guidelines, and any Orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

17. While Barlett & Barnett may perform limited work in the bankruptcy case, much of the work they are expected to perform is related to the continued operation of the business of OGP and is required even in the absence of this case.

18. Specifically, depending on how the case develops, the services of Barlett & Barnett may include:

    a. Advise and assist Applicant and Applicant's attorneys in connection with an investigation of the affairs of OGP;

    b. Advise and assist OGP with regard to the preparation and filing of any and all tax returns which may be required;

    c. Provide assistance and advice with regard to the preservation, maintenance, management of potential disposition of OGP's assets;

    d. Advise and assist OGP and OGP's legal counsel in connection with the investigation, analysis, and compilation of data relating to financial and accounting matters or issues in connection with any proceeding in this case, and to prepare such reports, summaries, documents and exhibits as may be required in connection therewith, including, but not limited to, the preparation and filing of reports required by the U.S. Trustee;

    e. Provide support and assistance with regard to the proper receipt, disbursement, and accounting for funds and other property of the estate; and

    f. Perform any other services that may be required as accountants for OGP.

19. Upon information and belief, Barlett & Barnett does not have an outstanding claim against OGP. Additionally, OGP believes, based upon the Declarations referenced herein, Barlett & Barnett does not otherwise have an interest materially adverse to OGP, or the estate, or its creditors; and, thus, OGP seeks its continued employment post-petition.

20. OGP will continue to require the services of Barlett & Barnett while operating as a debtor-in-possession under the Bankruptcy Code to enable OGP to continue normal business activities that are essential to the stabilization and reorganization efforts. Moreover, the work of Barlett & Barnett, albeit ordinary course, is directly related to preserving the value of OGP's estate. The amount of fees and expenses incurred and to be incurred by Barlett & Barnett represent only a small fraction of that value.

21. It will hinder the administration of OGP's estate and perhaps delay work performed by the Barlett & Barnett if OGP is required to withhold payment of the normal fees and expenses of Barlett & Barnett until they comply with the compensation and reimbursement procedures applicable to the Chapter 11 Professionals.

22. Under such conditions, there is a significant risk that Barlett & Barnett will be unwilling to provide services or will suspend services pending a specific court order authorizing such services. Since many of the matters worked on by Barlett & Barnett are active on a week-to-week basis, any delay or need to replace such professionals could have a significant adverse consequence. For example, if the expertise and background knowledge of Barlett & Barnett with respect to the particular matters for which they are responsible prior to the Petition Date is lost, the estate undoubtedly will incur additional and unnecessary expenses because OGP will be forced to retain other professionals without such background and expertise at potentially higher rates. Therefore, it is in the best interest of OGP's estate to avoid any disruption of the professional services required in the day-to-day operation of its business.

**PROPOSED RETENTION PROCEDURES**

23. OGP proposes that it be permitted to continue to employ and retain Barlett & Barnett. Barlett & Barnett has submitted a Declaration outlining the nature of the continued work to be performed and its relationship with OGP.

24. OGP further requests a hearing on this motion, with an opportunity to object, upon the filing and service of this motion. If no objection is received by the objection deadline set by the Court, or if an objection is withdrawn, OGP requests entry of an order approving this motion and authorizing the retention of Barlett & Barnett, *nunc pro tunc* to the Petition Date.

25. OGP further requests the authority to pay, without formal application to or order from this Court, the fees and expenses of Barlett & Barnett upon submission to, and approval by, OGP of an appropriate invoice setting forth in reasonable detail the nature of the post-petition services rendered and expenses incurred[2].

26. OGP, however, recognizes that bills exceeding certain dollar amounts should be subject to the approval procedures otherwise applicable to the Chapter 11 Professionals. Therefore, OGP proposes that it be permitted to pay, without formal application to the Court by Barlett & Barnett, fees and expenses not exceeding a total of $10,000.00 per month to Barlett & Barnett.

27. To the extent an invoice from Barlett & Barnett, if paid, will result in a payment exceeding the limits set forth in the preceding paragraph, allowance and payment of such fees and expenses will be subject to Court approval under 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and such procedures as may be approved by the Order of the Court for the Chapter 11 Professionals.

28. OGP proposes to file with the Court a Statement of Fees and Disbursements for Barlett & Barnett (a "Periodic Statement") at least once every four months and serve such Statement on the United States Trustee and any parties requesting notice in this case.

29. A Periodic Statement will include the following information for Barlett & Barnett: (a) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by Barlett & Barnett during the statement period; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses

---

[2] OGP expressly reserves the right to dispute all or any part of such invoices in the ordinary course of its business relationship with Barlett & Barnett.

incurred by Barlett & Barnett during the entire post-petition period; and (c) a general description of the services rendered by Barlett & Barnett during the statement period.

WHEREFORE, OGP requests that the Court expedite review of this motion and grant the requested relief, including (i) entry of an order authorizing OGP to retain Barlett & Barnett without the necessity of a separate, formal retention application approved by this Court, (ii) entry of an order authorizing OGP to compensate Barlett & Barnett for post-petition services rendered, subject to the limitations set forth above, without the necessity of additional Court approval, and (iii) such other and further relief the Court deems just and appropriate.

Submitted by:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

*/s/ Kathleen G. Furr*
Kevin A. Stine (GA Bar No. 682588)
kstine@bakerdonelson.com
Kathleen G. Furr (GA Bar No. 589008)
kfurr@bakerdonelson.com
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
404.577.6000 (Telephone)
404.221.6501 (Facsimile)

*Counsel for the Debtor*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| OAKLEY GRADING AND PIPELINE, ) | CHAPTER 11 |
| LLC, ) | |
| ) | CASE NO. 18-10743-WHD |
| Debtor. ) | |

**CHRIS BARNETT'S VERIFIED STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 5002**

I, Chris Barnett, declare as follows:

1. I am over the age of majority, suffer no disability to testify, and am otherwise fully competent to make this declaration.

2. I am a partner with Barlett & Barnett CPAs, P.C. (the "Firm"), whose office is located at 17 Jefferson Place, Newnan, Georgia 30263.

3. This verified statement is submitted in support of the application of Oakley Grading and Pipeline, LLC (the "Debtor") in the above-styled case, for an order authorizing the employment and retention of the Firm as accountants to perform certain services as set forth in the application.

4. On December 20, 2017, the Debtor retained the Firm to prepare the 2017 federal and state income tax returns and corollary accounting services.

5. Pursuant to the engagement, the Debtor paid a $1,000 retainer to the Firm.

6. As of April 9, 2018 (the "Petition Date"), the Debtor was current on its obligations to the Firm. Therefore, to the best of the Firm's information and belief, the Firm does not have an unsecured claim against the Debtor as of the Petition Date.

7. To the best of the Firm's information and belief, apart from the limited pre-petition work described in paragraph 4 above, the Firm does not hold or represent any interest adverse to the Debtor, the estate, or creditors of the estate, with respect to the matters on which the Firm is to be employed.

8. The Firm has made a reasonable effort to discover the possibility of conflicts. If the Firm discovers any information that is contrary to or supplemental to statements made herein, the Firm will promptly disclose such information to the Court and the U.S. Trustee.

9. The Firm is not and was not within two years before the Petition Date, a director, officer, or employee of the Debtor or an investment banker of the Debtor.

10. The Firm does not have an interest materially adverse to the interest of the bankruptcy estate of the Debtor, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in the foregoing paragraphs, or for any other reasons.

11. Accordingly, I believe the Firm is a "disinterested person" as that term is defined in the Bankruptcy Code.

12. The foregoing constitutes the statement of the Firm pursuant to Section 327 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

_____
Chris Barnett
Partner
Bartlett Barnett CPAs P.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 11, 2018, I electronically filed the instant pleading with the Clerk of Court and served the same through the Court's electronic CM/ECF transmission upon the following Filing Users registered to receive filings in this case and upon those individuals and entities via first-class United States mail at the addresses stated below:

## U.S. MAIL

| | |
|---|---|
| Attached Creditor Mailing Matrix | U.S. Attorney for the Northern District of Georgia<br>Richard B. Russell Federal Building<br>75 Ted Turner Dr. SW<br>Suite 600<br>Atlanta, GA 30303-3309 |
| Dept. of Justice-Tax Division<br>Chief Civil Trial §, S Region<br>POBox14198, BenFranklinStation<br>Washington, DC 20044 | Internal Revenue Service<br>401 W. Peachtree St NW<br>Stop 334-D<br>Atlanta, GA 30308 |
| Internal Revenue Service (CIO)<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Georgia Department of Revenue<br>Suite 9100<br>1800 Century Center Blvd NE<br>Atlanta, GA 30345 |
| U.S. Trustee<br>Office of the United States Trustee<br>362 Richard Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303 | |

Submitted by:

*/s/ Kathleen G. Furr*
Kathleen G. Furr (GA Bar No. 589008)
kfurr@bakerdonelson.com

*Counsel for the Debtor*

```
Label Matrix for local noticing      ARGOS USA, LLC                        Atlanta Commercial Tire
113E-3                               3015 Winward Plaza                    5067 Kennedy Road
Case 18-10743-whd                    Suite 300                             Forest Park, GA 30297-2017
Northern District of Georgia         Alpharetta, GA 30005-8713
Newnan
Tue Apr 10 14:06:21 EDT 2018

Baker Doneslon                       Bam Curbs                             Bo Phillips Company Inc
3414 Peachtree Road, NE              954 Downing Drive                     3440 Lawrenceville Hwy
Monarch Plaza Suite 1600             Bethlehem, GA 30620-2054              Tucker, GA 30084-5897
Atlanta, GA 30326-1153


C & K Hauling, Inc.                  Core & Main LP                        Curry Contracting Services LLC
924 Kelly Farm Rd.                   1830 Craig Park Court                 312 Crosstown Rd. #190
Newnan, GA 30265-1445                Saint Louis, MO 63146-4122            Peachtree City, GA 30269-2948


David Hughes                         Eade Excavation, LLC                  Exceptional Products, Inc.
732 West Solomon Street              3080 Smokey Road                      P O Box 2892
Griffin, GA 30223-2741               Newnan, GA 30263-5036                 Peachtree City, GA 30269-0892


Fafi Hauling, LLC                    Foley Products Company                Fortiline, Inc.
6202 Northlake Heights Cir           P O Box 2447                          7025 Northwinds Drive
Atlanta, GA 30345-2252               Columbus, GA 31902-2447               Concord, NC 28027-3334


Georgia Department of Revenue        Hanson Aggregates Southeast           Hughes Company
Suite 9100                           15620 Collection Center Drive         732 W. Solomon Street
1800 Center Blvd. NE                 Chicago, IL 60693-0156                Griffin, GA 30223-2741
Atlanta, GA 30344


Internal Revenue Service             (p)INTERNAL REVENUE SERVICE           JDH Group, Inc.
P. O. Box 7346                       CENTRALIZED INSOLVENCY OPERATIONS     732 W. Solomon Street
Philadelphia, PA 19101-7346          PO BOX 7346                           Griffin, GA 30223-2741
                                     PHILADELPHIA PA 19101-7346


Jamie Hughes                         Joe Hughes                            Joe Oakley
732 West Solomon Street              732 West Solomon Street               732 West Solomon Street
Griffin, GA 30223-2741               Griffin, GA 30223-2741                Griffin, GA 30223-2741


Landscape Depot                      Mayweather Concrete Constructi        Moha Trans., Inc.
185 Walter Way                       389 April Court                       3845 Charleston Ives Dr.
Fayetteville, GA 30214-3999          Statham, GA 30666-1736                Lawrenceville, GA 30045


Oakley Grading and Pipeline, LLC     R & R Concrete Construction           Ranger Fueling Services
105 Kelly Farm Road                  40 E Barbara Ln                       P O Box 490
Newnan, GA 30265-2288                Carrollton, GA 30117-5310             Zebulon, GA 30295-0490
```

| | | |
|---|---|---|
| Secretary of the Treasury<br>15th & Pennsylvania Avenue, NW<br>Washington, DC 20200 | Sellars Trucking, Inc.<br>3156 Bridge Walk Drive<br>Lawrenceville, GA 30044-5132 | Stephens MDS, LP<br>5173 Pelican Drive<br>Atlanta, GA 30349-5979 |
| Kevin A. Stine<br>Baker Donelson<br>Monarch Plaza, Suite 1600<br>3414 Peachtree Road, N.E.<br>Atlanta, GA 30326-1153 | TV Testing and Rerounding<br>235 Carriage Trail<br>Macon, GA 31210-8236 | The Hartman Firm, LLC<br>3379 Peachtree Road, NE<br>Suite 555<br>Atlanta, GA 30326-1418 |
| Thomas Concrete<br>P O Box 725569<br>Atlanta, GA 31139-2569 | U. S. Attorney<br>600 Richard B. Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta GA 30303-3315 | U. S. Securities and Exchange Commission<br>Office of Reorganization<br>Suite 900<br>950 East Paces Ferry Road, NE<br>Atlanta, GA 30326-1382 |
| United Rentals (North America)<br>P O Box 100711<br>Atlanta, GA 30384-0711 | Valentino & Associates<br>1280 Winchester Parkway<br>Suite 243<br>Smyrna, GA 30080-6555 | Yancey Bros. Co<br>Drawer CS 198757<br>Atlanta, GA 30384-0001 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
355 E. Hancock Avenue
Athens, GA 30601

End of Label Matrix
Mailable recipients    41
Bypassed recipients     0
Total                  41