UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No. 18-10743-whd |
| | : | |
| OAKLEY GRADING AND PIPELINE, LLC, | : : | |
| | : | Chapter 11 |
| Debtor. | : | |
| | : | |

## APPLICATION FOR RETENTION AND EMPLOYMENT OF MANN & WOOLDRIDGE, P.C. AS COUNSEL TO THE TRUSTEE

COMES NOW, Theo D. Mann, as Chapter 11 Trustee ("Trustee") for Debtor Oakley Grading and Pipeline, LLC ("Debtor"), and files this Application pursuant to 11 U.S.C. § 327(e), seeking the Court's approval of the retention, employment, and compensation of Mann & Wooldridge, P.C. ("Applicant") as counsel to the Trustee, showing this Court as follows:

### BACKGROUND

1. On April 9, 2018, Debtor, by and through its receiver, Vic Hartman, filed a petition under Chapter 11 of the Bankruptcy Code initiating this case.

2. On April 9, 2018, Debtor filed a motion to appoint trustee.

3. On April 18, 2018, the Court entered an order directing the appointment of a chapter 11 trustee. (Doc. No. 30.)

4. On April 23, 2018, the U.S. Trustee filed a notice appointing Mr. Mann as Trustee. (Doc. No. 35.)

### BASIS FOR RELIEF REQUESTED

5. Section 327(a) authorizes the Trustee to employ attorneys and other professionals to represent or assist the Trustee in carrying out his duties under the Bankruptcy Code.

6. To perform his duties as Trustee, the Trustee requires the services of attorneys for purposes, including but are not limited to, the following:

(a) Advising the Trustee concerning questions arising in the conduct of the administration of the Debtor's estate and concerning the Trustee's rights and remedies with respect to the estate's assets and the claims of secured, preferred and unsecured creditors and other parties in interest;

(b) Assisting in the preparation of pleadings, motions, notices and orders as are required for the orderly administration of Debtor's estate; and

(c) Assisting in recovery of assets of Debtor's estate, including receivables.

7. The Trustee proposes to employ Theo D. Mann and the law firm of Mann & Wooldridge, P.C., which firm is comprised of attorneys duly qualified and acting members of the Bar of this Court. The Firm has considerable experience in matters of this character and is well qualified to represent the Trustee.

8. To the best of Applicant's knowledge, the Firm and its members are disinterested term is defined in 11 U.S.C. § 101, and do not hold or represent any interest adverse to the estate with respect to the matters upon which it is engaged, and that its appointment is in the best interest of the estate, creditors, and parties in interest.

9. Pursuant to Federal Rule of Bankruptcy Procedure 2014, attached as **Exhibit A** is the Affidavit of Theo D. Mann, which discloses all of Applicant's connections to the parties in interest.

10. The Trustee is informed and believes that the representation by Applicant would be in the best interest of all creditors of this estate. The Trustee submits that the proposed employment of Applicant is not prohibited or improper under Federal Rule of Bankruptcy 5002.

11. Applicant proposes that it be compensated for its services at hourly rates, together with reimbursement of its actual and necessary expenses. Applicant's fees and expenses incurred on behalf of the Trustee will be paid by Debtor's estate, with all fees and expenses approved and authorized by the Court, upon proper application after notice and hearing.

12. The Trustee believes that the retention of Applicant is in the best interests of the estate and desires to employ Applicant. The Trustee requests that Applicant's employment be approved *nunc pro tunc* to April 23, 2018.

WHEREFORE, the Trustee prays that the Court enter an order authorizing and approving the retention and employment of the law firm of Mann & Wooldridge, P.C. as counsel for the Trustee in this case, and granting such other and further relief as this Court may deem just and proper.

Dated: April 25, 2018.

Respectfully submitted,

MANN & WOOLDRIDGE, P.C.

/s/ Theo D. Mann
Theo D. Mann (tmann@mkwlaw.org)
Georgia Bar No. 469150
Post Office Box 310
Newnan, Georgia 30264-0310
(770) 253-2222

*Proposed Counsel for the Trustee*

EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No. 18-10743-whd |
| | : | |
| OAKLEY GRADING AND PIPELINE, LLC, | : : | |
| | : | Chapter 11 |
| Debtor. | : | |
| | : | |

### AFFIDAVIT OF THEO D. MANN

STATE OF GEORGIA    )
                    )
COUNTY FULTON       )

I, THEO D. MANN, being duly sworn, hereby declare under penalty of perjury the following:

1. I am over 21 years of age. I am authorized to make this Affidavit on behalf of Mann & Wooldridge, P.C. Except as otherwise noted, I have personal knowledge of the matters set forth herein. I give this Affidavit in support of the Application for Retention and Employment of Mann & Wooldridge, P.C. as Counsel to the Trustee in the above-referenced matter (the "Application").

2. I am an attorney at law admitted to the Bar in the State of Georgia (Georgia Bar No. 469150) and a partner in the law firm of Mann & Wooldridge, P.C. (the "Firm"). I am admitted to practice before all courts of the State of Georgia, including this Court. I am in good standing to practice before the courts to which I am admitted. I am not under suspension or disbarment from any bar, and there are no pending grievances or other criminal matters pending against me.

1

3. I have extensive experience in bankruptcy, insolvency, corporate reorganization and debtor/creditor law. I am well qualified to represent the Trustee generally herein and am willing to accept employment on the basis set forth in the annexed Application.

4. To the best of my knowledge, information and belief, the Firm and its partners, counsel and associates do not have any connection with the Debtor, creditors, or any other party in interest, their attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee; provided, however, that (a) I was appointed chapter 11 trustee for Debtor's estate in the above-referenced matter, (b) I was appointed by the United States Trustee for Region 21 to serve as a member of the panel of chapter 7 trustees for the Northern District of Georgia, and (c) from time to time, the United States Trustee has appointed me as a chapter 11 trustee in certain chapter 11 cases, and my law partner was called by a creditor's counsel and that creditor (David Hughes), himself, shortly before the first day motion hearing asking him to appear for him at that hearing, and he declined to do so, having received no privileged information.

5. My current hourly rate is $350.00. I will have primary responsibility for this matter. The Firm has not agreed to share any compensation or reimbursement for fees and expenses in this case with any other person except as between the partners of the Firm.

6. Based upon the information available to me, I believe that the Firm has no connection with Debtor, its creditors, or any party in interest other than described herein that is adverse to the Estate on the matters on which the Firm is to be employed, that the Firm qualifies as a disinterested person pursuant to 11 U.S.C. § 101(14), as modified by section 1107(b) of the Bankruptcy Code, and that the proposed employment of the Firm is not prohibited or improper under Federal Rule of Bankruptcy 5002.

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE: : Case No. 18-10743-whd
:
OAKLEY GRADING AND :
PIPELINE, LLC, :
: Chapter 11
Debtor. :
:

---

FURTHER AFFIANT SAYETH NOT.

Dated: April 25, 2018.

_____
THEO D. MANN

Sworn to and subscribed before me
this 25th day of April, 2018.

_____
Notary Public
My Commission Expires: _____

3